UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHIRLEY-ANN AND HERBERT LEU,

    Plaintiffs,

v.

INTERNATIONAL BOUNDARY
COMMISSION (U.S. SECTION), et al.,

    Defendants.

No. C07-0510MJP

ORDER GRANTING LEAVE TO
AMEND COMPLAINT

    This matter comes before the Court on Plaintiffs' motion for leave to file an amended complaint. (Dkt. No. 42.) For the purposes of this Order, the Court refers to the two groups of Defendants in this case as the "Schornack" Defendants and the "Bernhardt" Defendants, to reflect the two individuals who purport to be the U.S. Commissioner of the International Boundary Commission. Both groups of defendants have filed responses. (Dkt. Nos. 53 & 54.) The Schornack Defendants oppose leave to amend; the Bernhardt Defendants do not oppose Plaintiffs' motion. Having considered the motion, both responses, Plaintiff's reply (Dkt. No. 57), and the record herein, the Court GRANTS Plaintiffs leave to amend their complaint. Plaintiffs must file their amended complaint within ten (10) calendar days of this order.

    Plaintiffs did not need to seek leave of Court to file their amended complaint. Federal Rule 15(a) allows a plaintiff to amend his or her complaint once as a matter of course "at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). When they filed their motion on July 31, 2007, no responsive pleading had been filed in this case. The Bernhardt Defendants did not file an answer until August 3. (Dkt. No. 46.) And although the Schornack Defendants filed a pleading on July 5 entitled "Counterclaim for Declaratory Relief and Injunctive Relief" (Dkt. No. 15), that pleading is

ORDER - 1

1  not, as Defendants' suggest, a <u>responsive</u> pleading. <u>See</u> Fed. R. Civ. P. 7(a) (distinguishing between a
2  counterclaim and a reply to a counterclaim).[1]  The Schornack Defendants' motion to dismiss, filed
3  prior to the motion to amend, is also not a responsive pleading within the meaning of Rule 15(a).
4  <u>Breier v. N. Cal. Bowling Proprietors' Ass'n</u>, 316 F.2d 787, 789 (9th Cir. 1963).  Because no
5  responsive pleading had been filed when they filed their motion, Plaintiffs could have amended as of
6  right.  Therefore, the Court need not reach the question of whether amendment is futile, which was
7  raised by the Schornack Defendants in their opposition brief.  Plaintiffs motion for leave to amend is
8  GRANTED.
9       Currently pending before the Court is the Schornack Defendants' motion to dismiss. (Dkt.
10 No. 12.)  The Bernhardt Defendants have also filed a motion for judgment on the pleadings. (Dkt.
11 No. 47.) These motions are directed towards Plaintiffs' original complaint.  Because the Court grants
12 leave to amend that complaint, the Court STRIKES the motion for judgment on the pleadings and the
13 motion to dismiss without prejudice to Defendants re-filing such a motion <u>after</u> the Court has
14 resolved the issues discussed in the Court's August 9, 2007 Minute Order (Dkt. No. 56).  Thus, no
15 such motion shall be filed until <u>after</u> the Court issues an order on the motion for extension of time
16 (Dkt. No. 8), motion to quash (Dkt. No. 23), and motion to strike (Dkt. No. 48).
17      The clerk is directed to send copies of this order to all parties.
18      Dated this 16th day of August, 2007.

*[signature]*

Marsha J. Pechman
United States District Judge

---

[1] Defendants argue that their compulsory counterclaim, filed separate from any answer, is a "responsive pleading" which terminated Plaintiffs' ability to amend as of right. But Defendants have failed to cite and the Court is not aware of any authority suggesting that a compulsory counterclaim, filed separate from an answer, is a "responsive pleading" for the purposes of Rule 15(a).

ORDER - 2