UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHIRLEY-ANN and HERBERT LEU<br><br>Plaintiffs,<br><br>vs.<br><br>INTERNATIONAL BOUNDARY COMMISSION, et al.,<br><br>Defendants. | Case No. C07-0510 MJP<br><br>ORDER DENYING MOTION TO LIFT STAY AND DISMISS |

This matter comes before the Court on an "unopposed motion" to lift the stay and dismiss the case. (Dkt. No. 93.) The Court has considered the motion, the response (Dkt. No. 94), the replies (Dkt. Nos. 95, 98), and other pertinent documents in the record. For the reasons set forth below, the Court DENIES the motion to lift its stay and dismiss this matter.

**Background**

Plaintiffs filed suit claiming that Defendants were violating the Takings and Due Process clauses by attempting to enforce the 1925 Treaty Between Canada and the United States of America to Define More Accurately and Complete the International Boundary Between the Two Countries ("Treaty of 1925"). (Compl. ¶¶ 1-2.) The International Boundary Commission ("IBC") proposed to tear down a retaining wall that Plaintiffs had built on their property. (Id.) Two parties claim to represent the International Boundary Commission: David Bernhardt, who was appointed by President George W. Bush during the course of the litigation and Dennis Shornack, Mr. Bernhardt's predecessor.

ORDER - 1

On October 12, 2007, the Court concluded that Commissioner Shornack had been effectively removed from his post and that his challenge to the DOJ's authority to represent the IBC was moot. (Dkt. No. 63.) On November 13, 2007, the Court granted Mr. Shornack's motion for interlocutory appeal and Shornack filed a notice of appeal. (Dkt Nos. 71, 75.) This Court stayed the litigation pending Shornack's appeal. (Dkt. No. 87) The parties have filed briefing on the appeal and it is pending before the Ninth Circuit.

On January 15, 2009, Plaintiffs and Defendants the International Boundary Commission and Commissioner Bernhardt filed the present "unopposed motion lifting stay and dismissing case." (Dkt. No. 93.) In that motion, these parties notified the Court that they had reached a settlement that allowed Plaintiffs to maintain their retaining wall. (Id. at Ex. A.) Commissioner Shornack notes that he was not a party to the settlement and asserts the proposed settlement would violate the Treaty of 1925. (Dkt. No. 94.)

**Discussion**

As a general rule, courts treat a notice of appeal as a transfer of jurisdiction from the district court to the circuit court. See 20 Moore's Federal Practice § 303.32[1]. The Supreme Court has stated that the filing of a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). The district court's role pending appeal is limited to performing ministerial functions and preserving the status quo. Newton v. Consolidated Gas Co., 258 U.S. 165, 177 (1922) ("the trial court may . . . preserve the status quo until decision by the appellate court . . . [b]ut it may not finally adjudicate substantial rights directly involved in the appeal."); McClatchy Newspapers v. Central Valley Typographical Union No. 46, 686 F.2d 731, 734-35 (9th Cir. 1982).

The parties have simply not explained how this Court has jurisdiction to dismiss this case. The settling parties state they "will notify the Ninth Circuit promptly regarding the filing of this motion," but do not suggest they can dismiss the appeal without Commissioner

ORDER - 2

Shornack's consent. (Dkt. No. 93 at 1, n.2.) Commissioner Shornack observes that an entry of judgment by this Court would "usurp" the Ninth Circuit's jurisdiction. (Dkt. No. 94 at 2.) Commissioner Bernhardt contends that Commissioner Shornack lacks standing to oppose the motion because of this Court's ruling that Mr. Shornack is not the Commissioner of the IBC. (See Dkt. No. 98 at 2.) However, Mr. Shornack's standing is an issue on appeal and cannot be adjudicated by this Court at this time.

The Court lacks jurisdiction to grant the present motion because dismissing this matter would adjudicate those issues that are pending before Ninth Circuit. See Newton, 258 U.S. at 177. Absent jurisdiction, the Court may not lift the stay and dismiss the case.

**Conclusion**

Because the Court lacks jurisdiction at this time, the Court DENIES the motion to lift the stay and dismiss the case. (Dkt. No. 93.) Commissioner Shornack's motion for leave to respond to Commissioner Bernhardt's reply is MOOT.

The Clerk is directed to transmit a copy of this Order to all counsel of record.

DATED this 27th day of February, 2009.

Marsha J. Pechman
United States District Judge

ORDER - 3